IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES T. SULLIVAN, not individually but as Trustee of Plumbers' Pension Fund Local 130, U.A., etc., et al<br><br>　　　　Plaintiffs,<br><br>v.<br><br>RALPH NERI SEWER SERVICE, INC.,<br><br>　　　　Defendant. | Case No. 08 C 2012<br><br>Judge Coar, Room 1419<br>Magistrate Judge Valdez |

## ANSWER

Now comes, defendant Ralph Neri Sewer Service, Inc., ("Neri"), through its attorney, Anderson Law Offices, and answers the complaint as follows:

**1.     JAMES T. SULLIVAN is a Trustee of Pension Fund, Apprentice Fund, and Legal Fund (collectively "Funds"), and is authorized to bring this action on their behalf pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.***

**ANSWER:**     Admits.

**2.     Funds are trusts created and existing in accordance with the provisions of § 302(c) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 186 (c), and are multiemployer benefit plans.**

**ANSWER:**     Admits.

**3.     Plumbing Council is an Illinois not-for-profit corporation.**

**ANSWER:**     Admits.

**4.     Union is a labor organization within the meaning and definition of 29 U.S.C. § 152 and represents employees in an industry affecting commerce.**

**ANSWER:**     Admits.

5.    The Court has jurisdiction over the claim stated by JAMES T. SULLIVAN on behalf of Funds pursuant to Section 301 of LMRA, 29 U.S.C. §185, and ERISA, 29 U.S.C. §§1132(e)(1) and 1145.

ANSWER:    Admits.

6.    Venue is proper in the Northern District of Illinois pursuant to 29 U.S.C. §1132(e)(2).

ANSWER:    Admits.

7.    The Court has jurisdiction over the claim stated by Plumbing Council pursuant to Section 301 of LMRA, 29 U.S.C. §185.

ANSWER:    Admits.

8.    Defendant is an Illinois corporation and is engaged in an industry affecting commerce, to wit: Defendant is a plumbing contractor with its principal place of business within the jurisdiction of this Court.

ANSWER:    Admits.

9.    There was in effect on and after October 19, 1999, a written Collective Bargaining Agreement ("Agreement") between Union and Defendant. A true and correct copy of the Agreement for the period from June 1, 2001, through May 31, 2010, and Defendant's signed acknowledgment of the Agreement dated October 19, 1999, are attached hereto as Exhibit A.

ANSWER:    Admits.

10.    Agreement requires Defendant to pay certain contributions and deductions to Plaintiffs based on the hours of work performed by covered employees.

ANSWER:    Admits.

11.    Agreement establishes a Joint Arbitration Board ("JAB") and provides for arbitration before the JAB of disputes between the parties.

ANSWER:    Admits.

12. Pursuant to Agreement, on December 27, 2007, the JAB issued its Decision and Award ("Award"), a true and correct copy of which is attached hereto as Exhibit B, finding that Defendant violated Agreement and requiring Defendant to pay $112,081.38 to Plaintiffs.

ANSWER:   Admits.

13. The Award is itemized as follows:

|   |   |   |   |
|---|---|---|---:|
| a. | Pension Fund | - | $17,381.63 |
| b. | Welfare Fund | - | 26,925.36 |
| c. | Apprentice Fund | - | 2,593.87 |
| d. | Plumbing Council | - | 2,155.60 |
| e. | Savings Plan | - | 24.00 |
| f. | Legal Fund | - | 2,360.22 |
| g. | Working Dues | - | 818.79 |
| h. | Liquidated Damages | - | 4,180.75 |
| i. | Attorneys Fees, Audit Fees, and Costs§ | - | 13,000.00 |
| j. | Interest (through November 28, 2007) | - | 42,641.16 |

ANSWER:   Admits.

14. Award further requires that if Defendant fails to pay the full amount of Award by January 26, 2008, Defendant must reimburse Union and Funds for all attorneys' fees and costs incurred to enforce Award.

ANSWER:   Admits liability for reasonable attorney fees.

15. Award further requires that after February 1, 2008, Defendant must pay additional interest at the rate of $738.89 per month until the Award is paid in full.

ANSWER:   Admits, and states further that there is no liability for additional interest under ERISA §502(g)(2).

16. Defendant received from the JAB a copy of Award, which demanded payment pursuant to its terms.

ANSWER:   Admits.

3

17. Defendant has refused, failed, and neglected to comply with Award.

ANSWER: Admit failure. Denies refusal and neglect.

WHEREFORE, defendant Ralph Neri Sewer Service, Inc. prays that the Complaint be dismissed.

RALPH NERI SEWER SERVICE, INC.

By: _____
One of its attorneys

OF COUNSEL:
Burr E. Anderson
Anderson Law Offices
407 S Dearborn, Ste 1085
Chicago, IL 60605
(312) 957-1100